Argued March 3, reversed and remanded March 9, 1960

CREE *v.* TANNICH ET AL

349 P. 2d 1094

*Charles D. Burt,* Salem, argued the cause for appellant. With him on the briefs was Robin D. Day, Salem.

*A. L. Lewelling,* Salem, argued the cause for respondents. On the brief were Lewelling & Gies, Salem.

Before McAllister, Chief Justice, and Rossman, O'Connell and Holman, Justices.

HOLMAN, J. (Pro Tempore)

This is an action for damages for personal injuries brought by the plaintiff, Cree, a pedestrian, against the defendants, Tannich and Bren, who were operators of a motor vehicle. This trial was the second one involving the same circumstances, it having been tried previously before another judge, which previous trial had resulted in a judgment of involuntary nonsuit which was not appealed. A judgment of involuntary nonsuit was also entered in this case by the trial judge after the completion of plaintiff's case in chief, upon the ground that plaintiff was guilty of contributory negligence which had been established as a matter of law as the result of the ruling of the trial judge in the first case. From this judgment plaintiff appeals.

Plaintiff had delivered some feed to stock in his barnyard on the North side of the highway between Mill City and Lyons. His barnyard was enclosed with a fence in which there was a gate leading onto the highway. It was in the neighborhood of six o'clock in the evening on the 31st day of October. There was evidence from which it could be found that it was full dark and drizzling. The highway runs generally East and West, with Mill City lying to the East and Lyons

to the West. Plaintiff drove his pickup truck out of his barnyard gate on the North side of the highway onto and across the highway and parked it on the South shoulder facing easterly toward Mill City. He had the lights burning on his vehicle. He got out of his vehicle and started to cross the highway to shut his gate. While crossing the highway, he was struck by defendants' vehicle traveling in a westerly direction. Plaintiff was approximately 70 years of age and hard of hearing. He testified he did not see defendants' car and did not know what hit him.

Defendants in oral argument on appeal abandoned their contention that the order of nonsuit in the first trial was *res judicata* of the question of plaintiff's contributory negligence. This leaves two questions before the court on this appeal.

■■ First, is there any evidence of negligence on defendants' part? One of the specifications of negligence charged against defendants is that they operated their vehicle without lights. Plaintiff testified as follows:

"Q Mr. Cree, you remember what you did before you started across the highway?
"A What I did before?

"Q Do you recall looking both ways before you started?
"A I sure do, yes.

"Q Were there any lights from either direction?
"A No."

Defendants contend that this is negative evidence, and therefore not sufficient to prove defendants were operating their vehicle without lights. We do not so consider it. If the evidence is considered most favorably to plaintiff, as is required, it was full dark and

plaintiff had an uninterrupted view in the direction from which defendants were traveling for a distance of 900 feet. There was no evidence that defendants were traveling at an excessive rate of speed. The only way a car could be seen would be by its lights. He looked and there were no lights. This is surely positive testimony from which the jury could have found that defendants were operating their vehicle without lights.

A similar question was before this court in the case of *Lovett v. Gill*, 142 Or 534, 20 P2d 1070. At 5:30 in the evening on November 13, when it was cloudy and dark, plaintiff in operating her motor vehicle made a left-hand turn and was struck by defendant's vehicle approaching from the opposite direction. Part of the statement of facts set out by the court was as follows:

"She swore that as she approached the intersection she looked ahead, saw nothing, and, having turned her steering wheel to the left, diverted her attention in that direction. At that moment, without having been observed by the plaintiff, the truck crashed into her car." 142 Or at 537.

The court, speaking through Mr. Justice Rossman, had this comment to make concerning the question of negative testimony:

"The value of negative testimony, like that of all other testimony, is dependent upon the opportunities which the witness possessed for making observations. The testimony of a witness who gave negative testimony because he did not observe or was inattentive would amount to nothing. But if he was in a position where he could observe, and made diligent exercise of his faculties, his testimony that the alleged event did not occur is not negative but is, in fact, positive. Its value is dependent upon his credibility and a comparison of his oppor-

tunities for making observations with that of the other witnesses. Wigmore on Evidence (2d Ed.) § 664." 142 Or at 541.

Defendants also contend that the testimony by the plaintiff Cree above set out was referring to the time plaintiff drove his vehicle out of his barnyard, and not to the time he crossed the road on foot to shut his gate. We do not so read the transcript.

Second, was plaintiff guilty of contributory negligence as a matter of law? This could only be based on the fact that plaintiff did not continue to keep a lookout as he crossed the road to shut his gate. Since plaintiff turned toward Mill City before parking his car on the shoulder, his car must have been parked easterly of the gate out of which he had driven and to which he was returning. This would place plaintiff with his back partially toward the East as he crossed the road on foot. Defendant was coming from this direction.

We do not feel under the circumstances that we can say plaintiff was guilty of negligence as a matter of law. He had looked and there were no lights coming. He knew the road was straight and unobstructed for a distance up to 900 feet. The road was not of unusual width. There was no opportunity for some one to come upon him suddenly from a place of obstructed view. He had the right to presume that others would be obeying the law and would be operating their vehicles with lights and at a lawful speed. We do not believe that we can say he was required to continue to look over his shoulder as he crossed the road, to see if some one was coming up behind him without lights. At least, it was a jury question under the circumstances.

It appears to this court that, under the testimony, the questions of defendants' negligence and plaintiff's contributory negligence were both for the jury. The judgment of nonsuit is reversed and the case remanded for a new trial.